# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**PERFORMANCE COAL COMPANY,**
**Employer Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1723**  (BOR Appeal No. 2045993)
(Claim No. 2010133275)

**SCOTT HALSTEAD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Performance Coal Company, by Sean Harter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Scott Halstead, by Reginald D. Henry, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 17, 2011, in which the Board reversed a May 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 26, 2010, decision denying Mr. Halstead's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Halstead worked at the Upper Big Branch Mine when a mine explosion occurred on April 5, 2010. After the explosion, he went underground to assist with the rescue effort, and alleges exposure to hazardous dust and inhalation of toxic gas during that time. The Board of Review reversed the Office of Judges' Order and held the claim compensable. Performance Coal Company disagrees and asserts that the Board of Review erroneously held that Mr. Halstead suffered from a physical injury when the evidence establishes that his symptoms are preexisting and unrelated to the alleged work-related injury. Mr. Halstead maintains that the Office of Judges erred in finding that the injury only affected him mentally and not physically,

1

because he sustained a physical injury from the smoke and toxic gas exposure resulting from the mine explosion.

The Office of Judges erred in determining this claim was not for a physical injury, but only for emotional and psychiatric effects on Mr. Halstead. The Board of Review concluded that the evidence already established that a physical injury occurred in the course of and resulting from his employment. Mr. Halstead provided emergency room records from the date of the accident noting a clinical impression of smoke inhalation and hypoxia, and medical records showing that he continues to have shortness of breath, dizziness, difficulty sleeping, and changes in emotional state. The Board of Review held the claim compensable because Mr. Halstead met the requirements of West Virginia Code § 23-4-1 (2008). We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 10, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**
Chief Justice Brent D. Benjamin